UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DYNAMITE SALAVEA,

    Plaintiff,

  v.

CANDACE PALMER *et al.*,

    Defendants.

Case No.  C08-5417RBL/JKA

ORDER TO SHOW CAUSE

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff was given leave to proceed *in forma pauperis.*  Review of plaintiff's proposed complaint discloses a number of defects.

    All the named defendants work at the Clallam Bay Corrections Center.  Plaintiff alleges he informed the defendants he could not be sent back to the Penitentiary at Walla Walla, because of threats against him made by inmates.  In June of 2008, plaintiff was sent back to Walla Walla.  Plaintiff arrived at the Penitentiary on June 5, 2008.   Plaintiff alleges another inmate told him of a rumor someone had been sent to stab him (Dkt # 1, proposed complaint, page 3).  Plaintiff admits that on June 7, 2008, he was in a fight with another inmate.  Plaintiff does not allege this fight has anything to do with the alleged threats against him.  Plaintiff does not allege he was injured in the fight.  Plaintiff was placed in segregation, and infracted for fighting.  At the infraction hearing plaintiff lost 30 days good conduct time.

ORDER
Page - 1

Plaintiff seeks monetary damages for the emotional suffering and stress caused by his transfer. He does not allege any physical injury as a result of the fight on June 7, 2008. Plaintiff also seeks restoration of the 30 days good conduct time he lost as a result of the fight.

The court identifies three defects in the complaint. The first defect is that an inmate has no liberty interest in being placed in any specific prison or an any specific custody level. Olim v Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 ; Montanye v. Haymes, 427 U.S. 236. As there is no liberty interest at stake, moving plaintiff does not violate any right or duty owed him. Under the facts alleged, plaintiff may be able to show a separate Eighth Amendment violation for failure to protect.

The second defect is that an inmate cannot seek restoration of good time in a civil rights action. In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)). Plaintiff is challenging the loss of thirty days of good conduct time. This directly bears on the length of time he will be incarcerated. That relief, restoration of lost good time, cannot be granted in a civil rights action.

The final defect is that the Prison Litigation Reform Act prevents an inmate from bringing an action for damages without a physical injury. Under 42 U.S.C. § 1997(e), no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. A *de minimis* physical injury is not sufficient to support a claim for mental or emotional suffering. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Oliver v Keller, 289 F.3d 623 (9th Cir. 2002).

1    The court is not sure if amendment of the complaint can cure the defects, or if plaintiff can state a
2 claim.  Plaintiff should be given the opportunity to show cause or amend the complaint prior to the court
3 issuing a Report and Recommendation that this action be dismissed.  Plaintiff will be given until **August 8,**
4 **2008**, to show cause why this action should not be dismissed for failure to state a claim.  Plaintiff may either
5 file a response to this motion addressing the issues raised, or he may file an amended complaint that cures the
6 defects discussed above.

7    If the response or amended complaint do not cure the defects outlined in this order the court will
8 recommend this action be dismissed for failure to state a claim.  That dismissal should count as a strike under
9 the terms of 28 U.S.C. § 1915 (g).

10    The Clerk is directed to send plaintiff a copy of this Order and note the **August 8, 2008**, date on
11 the court's calendar.

13    DATED this 7 day of July,  2008.

15               /S/ *J. Kelley Arnold*
                 J. Kelley Arnold
16               United States Magistrate Judge

ORDER
Page - 3